No 8478

Court of Appeals

Parish of Orleans.

Mary Benjamin, widow of Levy Browder

versus

Standard Accident Insurance Company of Detroit.

8478

*******************

Court of Appeal,
PARISH OF ORLEANS
FILED JAN 30/32
Stansbury

8478

Dinkelspiel; J.

Plaintiff institutes this suit under Act No. 20 of 1914 of the Legislature of the State of Louisiana, known as the Workman's Compensation Act, alleging that certain injuries were received by her during her employment by the firm of Groomes and Elson, which firm she also alleges no longer does business in this State and has left no agent in this State upon whom citation can be served, and that under Sections 23 and 24 of the Workman's Compensation Act defendant Insurance Company being the insurer of Groomes and Elson for the injuries alleged to have been suffered to her, is directly liable to plaintiff, she files this suit, claiming judgment directly against said Insurance Company.

In the answer of the defendant, amongst other things admit that it was the insurer of Groomes and Elson at the time plaintiff was injured, but denies for lack of information the averments of paragraph thirteen of plaintiff's petition, which paragraph contained the allegations relied upon by plaintiff authorizing her to bring this action against the Insurance Company defendant herein. From a judgment in favor of plaintiff, defendent Insurance Co, appeals

We are met at the threshhold of this allegation and its denial with what the Compensation Act, in cases of this character requires as an essential before an Insurance Company can be sued by an employee of an employer who has taken out insurance of this character.

Section 25 provides: "That if any employer shall carry insurance against liability under this Act and said employer shall be or become insolvent or any execution upon a judgment for compensation is returned unsatisfied an employee of such employer or the dependants of the deceased employee afxsxshxsmgksyexxsx who shall be entitled to payments under this Act may enforce their claim to payments against the insurer of said employer to the same extent that the employer could have enforced his claim against said insurer had he made such payments, any provision

134

contained in any policy or agreement of insurance written after the date of the promolgation of this act to the contrary notwithstanding and the making of accrued payments to the person entitled thereto in accordance with the provisions of this Act shall relieve such insurer from liability."

It is elementary he, who affirms, must prove, unless the plea involved a negative.

Art. 312 C. P.

"It is a well settled rule that the burden of proof lies on the person who wishes to support his case by particular fact which lies more peculiarly within his knowledge, or of which he is supposed to be cognizant."

R. R. Co. vs. Fairex, 40 Ann. 748.

"A judgment by default could not be confirmed against the defendants, without proof of the endorsement of the payee, and of his signature to the transfer if written on the note. Proof of plaintiff's demand is required in all cases when not admitted by the defendants."

Young vs. Talbot et al. 12 Rob. 518.

There is no evidence in this record to prove as is alleged in paragraph 13 of plaintiff's petition, that the employers of plaintiff are no longer in business in this State and have no Agent in this State upon whom citation could be served.

Nor are any of the grounds which under Section 35 of the Compensation Act of 1914 which entitle plaintiff to bring an action of this character been alleged in plaintiff's petition or any proof thereof made.

We are therefore of the opinion that plaintiff has failed to make out her case under the allegations of her petition, hence this suit as instituted must fail, and her suit dismissed as in case of non suit.

For the reasons assigned it is ordered, adjudged and decreed that the judgment of the lower Court be and the same is hereby annulled, avoided and reversed and that plaintiff's suit be dismissed as in case of non suit.

Claiborne, J. not having heard the argument takes no part.